IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02426-ZLW-CBS

EDDIE DEAN FLUKER,
    Plaintiff,
v.

FEDERAL BUREAU OF PRISONS,
    Defendant.

## ORDER

Magistrate Judge Craig B. Shaffer

    This civil action came before the court for hearing on May 20, 2008 on Mr. Fluker's "Motion for the Court Assistance to Assign or Appoint Attorney Pursuant to Federal Rules of Civil Procedure Rule 12" (filed May 12, 2008) (doc. # 43), among other things. Pursuant to the Amended Order of Reference dated January 14, 2008 (doc. # 10) and the memorandum dated May 13, 2008 (doc. # 47), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the entire case file, the arguments presented by Mr. Fluker at the May 20, 2008 hearing, and the applicable law and is sufficiently advised in the premises.

    Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

    Whether to request counsel is left to the sound discretion of the trial court. *Rucks*

*v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Fluker's request for appointed counsel and the appropriate factors. As a *pro se* litigant, Mr. Fluker is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Currently pending in the case is Defendant's Motion to Dismiss for lack of subject matter jurisdiction. Mr. Fluker has not yet responded to the Motion and has indicated that he wishes to amend his Amended Complaint. Discovery has been stayed. Mr. Fluker's concern about cross-examination of witnesses at trial is premature at this stage of the litigation. Based on an initial review of the Amended Prisoner Complaint (doc. # 28), the court is within its discretion in declining to request counsel to represent Mr. Fluker.

Accordingly, IT IS ORDERED that Mr. Fluker's "Motion for the Court Assistance to Assign or Appoint Attorney Pursuant to Federal Rules of Civil Procedure Rule 12" (filed May 12, 2008) (doc. # 43) is DENIED.

DATED at Denver, Colorado, this 20th day of May, 2008.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge