IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02426-CMA-CBS

EDDIE DEAN FLUKER
      Plaintiff,
v.

FEDERAL BUREAU OF PRISONS
      Defendant.

**ORDER REGARDING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND**

Magistrate Judge Shaffer

      Pending before the court is *pro se* Plaintiff Fluker's Motion for Leave of Court to Amend Prisoner's Complaint Pursuant to Federal Rules of Civil Procedure Rule 15(a) (doc. # 61), filed on March 25, 2009.  Defendant Federal Bureau of Prisons ("BOP") filed an Opposition (doc. # 63) on April 13, 2009.  A brief recitation of the procedural history of this case will place the pending motion in context.

      Mr. Fluker, a prisoner in the custody of the BOP at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado, initiated this action on November 19, 2007 by filing a Complaint seeking injunctive relief and asserting claims against the BOP and two private physicians, Dr. Vikas V. Patel and Dr. Patrick Devanny.  Mr. Fluker's First Claim for Relief alleged that the named Defendants had violated his Eighth Amendment rights by denying reconstructive surgery for his ruptured biceps tendon.  Mr. Fluker's Second Claim for Relief asserted that the BOP is not following established procedures regarding grievances, is

1

serving Mr. Fluker food that is nutritionally inadequate and laced with drugs and other substances that make him sick, and that he has been denied tests to determine the cause of his sickness.

On December 14, 2007, Senior Judge Weinshienk issued an Order to Dismiss the claims against Drs. Patel and Devanny as "legally frivolous." (*See* doc. # 6). Judge Weinshienk noted that Mr. Fluker was alleging that Dr. Patel had "recommended against reconstructive surgery of Mr. Fluker's biceps tendon," while Dr. Devanny had apparently concluded that "reconstructive surgery would relieve Mr. Fluker's pain." Judge Weinshienk held that "because Mr. Fluker does not request any relief from the individual doctors named as Defendants, the claims against the doctors will be dismissed as legally frivolous and they will be dismissed as parties to this action." However, Judge Weinshienk declined to address the merits of the claims against the BOP and directed that the action be drawn to a district judge and magistrate judge.[1]

---

[1]This is Mr. Fluker's second federal lawsuit concerning his ruptured biceps tendon. On May 1, 2000, Mr. Fluker filed *Fluker v. Kowalski, et al.*, Civil Action No. 00-D-173 (D. Colo.) in which he alleged that various doctors had violated his Eighth Amendment rights through their deliberate indifference to medical needs related to his ruptured biceps tendon. Four of the named Defendants had contact with Mr. Fluker after he was transferred from the United States Penitentiary Administrative Maximum ("ADX") to the United States Medical Center for Federal Prisoners at Springfield, Missouri in 1998. In an Order dated March 6, 2001, District Judge Daniel affirmed the Recommendation of Magistrate Judge Watanabe and dismissed the claims against these four Defendants after concluding they lacked sufficient minimal contact with this forum state to support a finding of personal jurisdiction. As for the claim against Dr. Kowalski, who allegedly refused and then delayed Mr. Fluker's medical treatment at ADX, Magistrate Judge Watanabe concluded that

> [a]t most, the plaintiff has alleged that defendant Kowalski and the medical staff at the ADX failed to diagnose and treat plaintiff's medical condition properly. . . . A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

2

On March 14, 2008, Mr. Fluker filed an amended Prisoner Complaint (doc. # 28) that was accepted for filing on April 15, 2008.  The Amended Complaint, consisting of 110 pages of text and exhibits, is currently the operative pleading in this case.  The Amended Complaint seeks injunctive relief against the BOP and asserts two claims for relief.  The First Claim alleges that the BOP, through various employees, has violated the Eighth Amendment and various federal statutes by continuing to deny Mr. Fluker's request for evaluation and surgical care by "licensed orthopedic surgeons who specialize in hand and upper extremity surgery and ruptured bicep (sic.) tendon surgery in Colorado pursuant to Title 18 U.S.C. 4042 Duties of Bureau of Prisons" *See* Amended Complaint (doc. # 28), at Nature of the Case, Claim One, ¶ 5.  Mr. Fluker's Second Claim for Relief alleges that the BOP has violated its administrative grievance procedures by improperly denying his request "for review by other federal agencies concerning kitchen employee reprisal and officer reprisal who continue to intentionally serve Plaintiff Fluker spoil (sic.) nutritionally inadequate foods and foods that are being laced with drugs and other substances."  *See* Amended Complaint (doc. # 28), at Nature of the Case, Claim Two, ¶ 8.  The Second Claim also contends that the BOP is improperly denying his request "to receive Hylexin and Milexin MD, medical cream to lighten dark circles under my eyes pursuant to Title 18 U.S.C. 4042 Duties of Bureau of Prisons."  *See* Amended Complaint (doc. # 28), at Nature of the Case, Claim Two, ¶ 10.  The Amended Complaint seeks only injunctive relief.  *See* doc. 3 28 at pp. 62-69 of 110).

On May 14, 2008, the BOP filed a Motion to Dismiss (doc. # 48) Mr. Fluker's Amended

---

Judge Daniel dismissed all of Mr. Fluker's claims in Civil Action No. 00-D-173 with prejudice.

Complaint. The BOP erroneously argued that Mr. Fluker's claims for injunctive relief are barred because the Amended Complaint fails to specifically identify any statute that waives the government's sovereign immunity.  The BOP's motion, however, failed to cite or take note of the Tenth Circuit's decision in *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1238-39 (10th Cir. 2005), which held that sovereign immunity does not bar an inmate from suing the BOP for injunctive relief under the Eighth Amendment because the BOP is an agency within the meaning of the Administrative Procedures Act, 5 U.S.C. §§ 551(1) and 702.  Mr. Fluker responded to the BOP's Motion to Dismiss on June 9, 2008.  Although Mr. Fluker's Response (doc. # 52) did not cite *Simmat*, it correctly noted that the Amended Complaint alleged jurisdiction under 5 U.S.C. § 702.

Also on June 9, 2008, Mr. Fluker filed a Motion for Leave to Amend Prisoner's Complaint Pursuant to Federal Rule Civil Procedure Rule 15(a) and Pursuant to Federal Rule Civil Procedure Rule 12 (doc. # 53), along with a proposed 48-page Second Amended Complaint.  This pleading proposed significant changes both in the nature and scope of the litigation. This proposed Second Amended Complaint (doc. # 53-2) would have dropped the BOP as a named party, added 12 individuals[2] and the City of Florence, Colorado's South Water Treatment Plant as named Defendants, and asserted three claims for relief.  The first claim alleged that Mr. Fluker is "being persecuted" by prison kitchen employees who "are putting drugs and substances into my breakfast, lunch and dinner foods" and by correctional officers who "making sure Plaintiff Fluker receives spoil[ed] nutritionally inadequate foods."  Mr. Fluker

---

[2]The June 9, 2009 proposed pleading included Newton E. Kendig, R. Bauer, Vikas V. Patel, Steven Nafziger, and Ronnie Wiley as putative Defendants.  These same individuals are named as Defendants in the most recently filed proposed Second Amended Complaint.

also alleged in this claim that Defendants had improperly refused his requests for various tests "to determine exactly what is causing my symptoms,"[3] as well as requests to have his administrative grievances reviewed by other federal agencies. The second claim would have alleged statutory and constitutional violations related to the continued lack of surgical care for Mr. Fluker's ruptured biceps tendon. The proposed third claim alleged, *inter alia*, violation of the Safe Drinking Water Act. More specifically, this claim alleged that various BOP employees had altered water pipes at ADX and were adding "different contaminants" to the water dispensed from the sink in Mr. Fluker's cell.

A preliminary review of June 9, 2008 proposed pleading revealed several potential problems. For example, Mr. Fluker proposed to assert claims against Michael K. Nalley, the BOP's Regional Director in Kansas City, Kansas; Harrell Watts, a BOP administrator in Washington, D.C.; and Newton E. Kendig, the BOP's Medical Director in Washington, D.C. Personal jurisdiction over these putative Defendants would inevitably become an issue. *See, e.g., Hills v. Pugh*, 75 Fed. Appx. 715, 719 (10th Cir. 2003) ("It is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state"); *Georgacarakos v. Wiley*, 2008 WL 4216265, *4-5 (D. Colo. 2008) (dismissing claims against Michael Nalley and Harrell Watts

---

[3]Mr. Fluker previously alleged in 1999 that his Eighth Amendment rights were being violated because Defendant correctional officers had poisoned food items that Mr. Fluker had purchased at the prison commissary. *See Fluker v. Hawk*, Civil Action No. 99-D-268 (D. Colo.). In his Order of September 28, 2000 granting Defendants' Motion to Dismiss, Judge Daniel noted that Mr. Fluker had submitted medical records, "none of which indicate any evidence of poisoning, but some of which do indicate that Plaintiff is having delusions about being poisoned." Judge Daniel concluded that "Plaintiff's allegations that prison employees are putting poison in his food are baseless and rise to the level of irrational."

for lack of personal jurisdiction); *Florence v. Rios*, 2008 WL 538677, *4-5 (D. Colo. 2008) (granting motions to dismiss filed by Nalley and Watts based upon lack of personal jurisdiction).[4]

The June 9, 2008 pleading purported to assert claims against BOP administrators for failing to grant his request to have his grievances reviewed by other federal agencies. *But see Sharpe v. Patton*, 2009 WL 111634, *2 (E.D. Ky. 2009) (holding there is no inherent constitutional right to an effective prison grievance procedure); *Hassett v. Correctional Medical Services*, 2008 WL 4889323, *3 (D. Del. 2008) ( in dismissing plaintiff's claims, held that plaintiff cannot maintain a constitutional claim based on his perception that his grievance was not properly processed or investigated, that the grievance process is inadequate, or that his grievance was denied); *Hart v. Whalen*, 2008 WL 4107651, *16-17 (M.D. Pa. 2008) (dismissing a federal inmate's claim that supervisory employees of the BOP had failed to properly respond to his appeals of his grievances; "even if the prison provides for a grievance procedures, as the BOP does, violations of those procedures do not amount to a civil rights cause of action").

Finally, Mr. Fluker's claim under the Safe Drinking Water Act seemed problematic. The citizen suit provision of the Safe Drinking Water Act, 42 U.S.C. § 300j-8(b), provides that no civil action may be commenced prior to 60 days after the plaintiff has given notice of such violation to the Administrator of the United States Environmental Protection Agency, to the State in which the violation occurred, and to any alleged violator. The United States Supreme

---

[4]Mr. Fluker cannot claim ignorance of the personal jurisdiction requirement in light of Judge Daniel's decision in *Fluker v. Kowalski, et al.*, Civil Action No. 00-D-173 (D. Colo.), which dismissed Mr. Fluker's claim against out-of-state Defendants for lack of personal jurisdiction.

Court has held that this notice requirement imposes a mandatory, not optional, condition precedent for suit and an action must be dismissed by the district court if a plaintiff fails to comply with this notice and 60-day delay requirement. *See Hallstrom v. Tillamook County,* 493 U.S. 20, 26 and 33 (1989). The June 9, 2008 proposed Amended Complaint did not allege that Mr. Fluker has fully complied with the notice requirements of the Safe Drinking Water Act. Mr. Fluker also apparently alleged that various BOP employees had tampered with a public water system. However, the Safe Drinking Water Act provides that a civil action under 42 U.S.C. § 300i-1(c) for tampering with a public water supply must be brought by the EPA Administrator.

During a status conference on March 10, 2009, this court articulated the perceived deficiencies in the BOP's Motion to Dismiss and Mr. Fluker's Motion for Leave to Amend Complaint. In the wake of that discussion, the court granted defense counsel's oral motion to withdraw without prejudice the BOP's Motion to Dismiss (doc. # 48) and Mr. Fluker's oral motion to withdraw his Motion for Leave to Amend Complaint (doc. # 35). Mr. Fluker was granted leave to file a new motion for leave to amend on or before March 27, 2009.

Mr. Fluker's latest version of a Second Amended Complaint continues claims against the BOP and adds the following individual Defendants: (1) Newton E. Kendig, Medical Director, Federal Bureau of Prisons, Washington, D.C.; (2) R. Bauer, Health Services Administrator, U.S. Penitentiary, Florence, Colorado; (3) Dr. Vikas V. Patel, The Spine Center, Denver, Colorado; (4) Steven Nafziger, Medical Officer, U.S. Penitentiary, Florence, Colorado; and (5) Ronnie Wiley, Warden, U.S. Penitentiary, Florence, Colorado. In his First Claim for Relief, Mr. Fluker alleges that the Defendants are violating the Eighth Amendment and 18 U.S.C. § 4042 by continuing to deny his request to be scheduled for evaluation and surgery by a Colorado

orthopedic surgeon who specializes in hand and upper extremity surgery and ruptured biceps tendon surgery. Mr. Fluker's Second Claim for Relief contends that the BOP and Defendants Wiley[5] and Watts are violating the Eighth Amendment and 18 U.S.C. § 4042 by denying his requests for review by other federal agencies of his grievances relating to reprisals on the part of prison kitchen staff and correctional officers "who continue to intentionally serve plaintiff Fluker nutritionally inadequate foods and foods that are being lacked with drugs and other substances." The Second Claim also alleges that Defendants are violating 18 U.S.C. § 4042 by refusing to provide Mr. Fluker with certain "tests . . . to determine exactly what is making me sick," by refusing to allow him "to receive Hylexin and Milexin MD medical cream to lighten dark circles under my eyes," and by denying his requests to receive health nutritious foods.

## ANALYSIS

Mr. Fluker's latest attempt to amend his Complaint requires the court to balance competing considerations. The underlying purpose of Fed.R.Civ.P. 15(a) is to facilitate a decision on the merits. *Bob Marshall Alliance v. Lujan*, 804 F. Supp. 1292, 1298 (D. Mont. 1992) (noting that the court's exercise of discretion must "be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities"). To that end, motions to amend should be freely granted when justice requires. *See, e.g., Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D. Colo. 1995). In considering the "needs of justice," the court must take into consideration the interests of all parties. A motion to amend

---

[5] Several paragraphs in Mr. Fluker's Second Claim for Relief refer to Michael K. Nalley. However, the court notes that Mr. Nalley is not listed as a Defendant in the caption to the Second Amended Complaint and is not included on the List of Parties starting on page 2 of the March 25, 2009 pleading.

must be left to the sound discretion of the district court, and must be decided based upon a careful evaluation of multiple factors. *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).

> Rule 15 (a) has been interpreted . . . to require that amendments be freely allowed in the absence of a narrowly defined set of exceptional circumstances. The rules governing amendment and supplemental pleadings are generally liberally construed in favor of permitting amendment, consistent with the goal of ensuring that all related claims are litigated in a single action. Leave to amend should be freely given based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party.

*Arkansas-Platte & Gulf Partnership v. Dow Chemical*, 886 F. Supp. 762, 765 (D. Colo. 1995). *See also Gambelli v. United States*, 904 F. Supp. 494, 497 (E.D. Va. 1995)*; Taliaferro v. City of Kansas City, Kansas,* 128 F.R.D. 675, 687 (D. Kan. 1989). The non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice. *Smith v. Chrysler Corp.*, 938 F. Supp. 1406, 1412 (S.D. Ind. 1996).

While Rule 15(a) should be applied liberally, a plaintiff may amend only once as a matter of course. There is no absolute right to repeatedly amend a complaint. In that respect, the BOP's Opposition to Mr. Fluker's Second Motion to Amend (doc. # 63) seems to suggest the futility of Mr. Fluker's latest attempt to amend. *See, e.g., Simon v. Navon*, 951 F. Supp. 279, 283-84 (D. Me. 1997) (motion to amend may be denied where proposed amendment advances claim that is legally insufficient on its face). Where a party opposes a motion to amend on grounds of futility, the court must apply the same standard that governs a motion to dismiss. *Upsher-Smith Laboratories, Inc. v. Mylan Laboratories, Inc.*, 944 F. Supp. 1411, 1441 (D. Min. 1996). *See also Jefferson County School District No. R-1 v. Moody's Investor's Services, Inc.*,

175 F.3d 848, 859 (10th Cir. 1999) (proposed amendment is futile if the complaint, as amended, would be subject to dismissal). Here, however, the BOP's arguments are presented in summary form without any in-depth legal analysis or explication.

In exercising its discretion under Rule 15(a), the court will be guided by considerations of efficiency, particularly in light of the protracted procedural history of this case. This case has failed to progress in any meaningful degree, largely because Mr. Fluker has yet to settle on a single set of claims and adverse parties. Continued wrangling about the application of Rule 15(a) will only serve as a further impediment to effective case management.

If the BOP or the newly joined individual Defendants have viable grounds for dismissing Mr. Fluker's proposed Second Amended Complaint, those arguments are more efficiently raised in the context of a Rule 12(b)(6) motion, rather than indirectly under Rule 15(a). *Cf. Pearl Brewing Co. v. Joseph Schlitz Brewing Co.*, 415 F. Supp. 1122, 1125 (S.D. Tex. 1976) (factual disputes typically cannot be decided on the pleadings and are improperly inquired into in the context of a motion to amend, particularly in view of the liberal rules regarding amendment of complaints) (cited with approval in *La Compania Ocho, Inc. v. United States Forest Service*, 874 F. Supp. 1242, 1244-45 (D. N.M. 1995). At the very least, proceeding under Rule 12 would avoid one round of objections under either Fed.R.Civ.P. 72(a) or (b).[6] *Cf. In re K-Dur Antitrust*

---

[6] While Mr. Fluker's Motion for Leave to Amend does not purport to seek dispositive relief, the formal label of a motion is not determinative for purposes of § 636(b)(1)(A) and (B). The Tenth Circuit has held that "[m]otions not designated on their face as one of those excepted in [§ 636(b)(1)(A)] are nevertheless to be treated as such when they have an identical effect." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000), citing *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1462 (10th Cir. 1988). An order denying a motion to amend may be dispositive if the order effectively removes a claim from the action. *See McFadden v. Pioneer Natural Resources USA, Inc.*, 2006 WL 3059967 (D. Colo. 2006) (Miller, J.), citing *Pedro v. Armour Swift-Eckrich*, 118 F. Supp.2d 1155, 1157 (D. Kan. 2000).

*Litigation*, 338 F. Supp.2d 517, 528 (D.N.J. 2004) (acknowledging the efficiencies of disposing of a motion to amend along with a Rule 12 motion to dismiss); *Leach v. Northern Telecom, Inc.*, 790 F. Supp. 572, 573-74 (E.D. N.C. 1992) (reasoned that a pragmatic approach to plaintiff's motion to amend assured the best use of judicial time and resources).

> Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place.

*General Steel Domestic Sales, L C v. Steelwise, LLC*, 2008 WL 2520423, *4 (D. Colo. 2008) (recognizing that a futility argument under Rule 15(a) effectively places "the cart before the horse").

ACCORDINGLY, for the reasons stated above, this court will GRANT Mr. Fluker's "Motion for Leave of Court to Amend Prisoner's Complaint Pursuant to Federal Rules Civil Procedure Rule 15(a) [sic]" (filed March 25, 2009) (doc. # 61), without prejudice to Defendants' right to file any appropriate motions to dismiss under Rule 12(b).  Mr. Fluker's Second Amended Complaint (doc. # 61-2) is accepted for filing as of the date of this Order.

DATED this 21st day of April, 2009.

BY THE COURT:

  s/ Craig B. Shaffer
United States Magistrate Judge