IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02426-CMA-CBS

EDDIE DEAN FLUKER
      Plaintiff,
v.

FEDERAL BUREAU OF PRISONS,
NEWTON E. KENDIG,
R. BAUER,
VIKAS V. PATEL,
STEVEN NAFZIGER, and
RONNIE WILEY,
      Defendants.

---

**RECOMMENDATION ON DEFENDANT PATEL'S
MOTION TO DISMISS**

---

Magistrate Judge Shaffer

      PENDING before the court is Defendant Vikas V. Patel's Motion to Dismiss (doc. # 90) pursuant to Fed. R. Civ. P. 12(b)(6), filed on August 12, 2009.  *Pro se* Plaintiff Eddie Dean Fluker filed his Objection and Response to Defendant Vikas V. Patel's Motion to Dismiss (doc. # 94) on September 1, 2009.  With an Amended Order of Reference to Magistrate Judge (doc. # 10) dated January 14, 2008, this matter was referred to this Magistrate Judge to, *inter alia*, "submit proposed findings of fact and recommendations for rulings on dispositive motions."  I have carefully reviewed the subject motion and related briefing, taken judicial notice of the court's entire file and considered the applicable case law.  For the following reasons, the court recommends that Defendant Patel's motion to dismiss be granted.

      Mr. Fluker, a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the

1

United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado, initiated this action on November 19, 2007 by filing a Complaint seeking injunctive relief and asserting claims against the BOP and two private physicians, Dr. Vikas V. Patel and Dr. Patrick Devanny. Plaintiff's First Claim for Relief alleged that the named defendants had violated his Eighth Amendment rights by denying reconstructive surgery for his ruptured biceps tendon. Mr. Fluker's Second Claim for Relief asserted that the BOP is not following established procedures regarding grievances, is serving Plaintiff food that is nutritionally inadequate and laced with drugs and other substances that make him sick, and that he has been denied tests to determine the cause of his sickness.

On December 14, 2007, Senior Judge Weinshienk issued an Order to Dismiss the claims against Drs. Patel and Devanny as "legally frivolous." Judge Weinshienk noted that Plaintiff was alleging that Dr. Patel had "recommended against reconstructive surgery of Mr. Fluker's biceps tendon," while Dr. Devanny had apparently concluded that "reconstructive surgery would relieve Mr. Fluker's pain." Judge Weinshienk held that "because Mr. Fluker does not request any relief from the individual doctors named as Defendants, the claims against the doctors will be dismissed as legally frivolous and they will be dismissed as parties to this action." However, Judge Weinshienk declined to address the merits of the claims against the Bureau of Prisons and directed that the action be drawn to a district judge and magistrate judge.

On March 14, 2008, Mr. Fluker filed an amended Prisoner Complaint (doc. # 28) that was accepted for filing on April 15, 2008. The Amended Complaint sought injunctive relief against the Federal Bureau of Prisons and asserted two claims for relief. The First Claim alleged that the BOP, through various employees, had violated the Eighth Amendment and various

federal statutes by continuing to deny Plaintiff's request for evaluation and surgical care by "licensed orthopedic surgeons who specialize in hand and upper extremity surgery and ruptured bicep (sic) tendon surgery in Colorado pursuant to Title 18 U.S.C. 4042 Duties of Bureau of Prisons" *See* Amended Complaint (doc. # 28), at Nature of the Case, Claim One, ¶ 5. Plaintiff's Second Claim for Relief alleged that the Bureau of Prisons had violated its administrative grievance procedures by improperly denying his request "for review by other federal agencies concerning kitchen employee reprisal and officer reprisal who continue to intentionally serve Plaintiff Fluker spoil (sic.) nutritionally inadequate foods and foods that are being laced with drugs and other substances." *See* Amended Complaint (doc. # 28), at Nature of the Case, Claim Two, ¶ 8. The Second Claim also asserted that the Bureau of Prisons was improperly denying his request "to receive Hylexin and Milexin MD, medical cream to lighten dark circles under my eyes pursuant to Title 18 U.S.C. 4042 Duties of Bureau of Prisons." *See* Amended Complaint (doc. # 28), at Nature of the Case, Claim Two, ¶ 10. The Amended Complaint only sought injunctive relief.

On May 14, 2008, the Bureau of Prisons filed a Motion to Dismiss (doc. # 48) Plaintiff's Amended Complaint. Defendant erroneously argued that Mr. Fluker's claims for injunctive relief were barred because the Amended Complaint failed to specifically identify any statute that waives the government's sovereign immunity. The Bureau of Prisons' motion, however, failed to cite or take note of the Tenth Circuit's decision in *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1238-39 (10th Cir. 2005), which held that sovereign immunity does not bar an inmate from suing the Bureau of Prisons for injunctive relief under the Eighth Amendment because the Bureau of Prisons is an agency within the meaning of the Administrative Procedures

Act, 5 U.S.C. §§ 551(1) and 702.  Mr. Fluker responded to Defendant's Motion to Dismiss on June 9, 2008.  Although Plaintiff's Response (doc. # 52) did not cite *Simmat*, it correctly noted that the Amended Complaint alleged jurisdiction under 5 U.S.C. § 702.

On June 9, 2008, Mr. Fluker filed a Motion for Leave to Amend Prisoner's Complaint Pursuant to Federal Rule Civil Procedure Rule 15(a) and Pursuant to Federal Rule Civil Procedure Rule 12 (doc. # 53), along with a proposed 48-page Second Amended Complaint.  This proposed Second Amended Complaint (doc. # 53-2) would have dropped the Bureau of Prisons as a named party, added 12 individuals and the City of Florence, Colorado's South Water Treatment Plant as named defendants, and asserted three claims for relief.

During a status conference on March 10, 2009, this court raised perceived deficiencies in the Bureau of Prison's Motion to Dismiss and Plaintiff's Motion for Leave to Amend Complaint. In the wake of that discussion, the court granted defense counsel's oral motion to withdraw without prejudice the Bureau of Prison's Motion to Dismiss (doc. # 48) and Plaintiff's oral motion to withdraw his Motion for Leave to Amend Complaint (doc. # 35).  Mr. Fluker was granted leave to file a new motion for leave to amend on or before March 27, 2009.

Plaintiff's current Second Amended Complaint (doc. # 65), accepted for filing on March 25, 2009, asserts two claims for relief.  The First Claim alleges that the Bureau of Prisons, various BOP employees and Dr. Vikas V. Patel, a private physician with The Spine Center of Denver, Colorado, violated the Eighth Amendment by continuing to deny Mr. Fluker's request to be scheduled for evaluation and surgery by a Colorado orthopedic surgeon specializing in hand

and upper extremity surgery and ruptured biceps tendon surgery.[1]  Plaintiff alleges that Dr. Patel is liable in his individual capacity under the Eighth Amendment, 18 U.S.C. § 242, 18 U.S.C. § 4042, 28 C.F.R. § 551.90, and various BOP Program Statements.  With his First Claim, Mr. Fluker seeks injunctive and mandamus relief in the form of "a court order to be schedule (sic) for examination and surgery [b]y a license orthopedic surgeon at Hand Surgery Associates in Colorado who specialize in acuate and chronic bicep tendon rupture."  *See* Second Amended Complaint (doc. # 65), at Claim One, Request for Relief, ¶ 1.  Plaintiff also requests "a (sic) affidavit from Defendant Vikas V. Patel, which will verify that he did not specialize in acute and chronic bicep tendon rupture surgery during the months of January 2005 and February 2005."

---

[1] This is Mr. Fluker's second federal lawsuit concerning his ruptured biceps tendon.  On May 1, 2000, Plaintiff filed *Fluker v. Kowalski, et al.*, Civil Action No. 00-D-173 (D. Colo.) in which he alleged that various doctors had violated his Eighth Amendment rights through their deliberate indifference to medical needs related to his ruptured biceps tendon.  Four of the defendants named in *Fluker v. Kowalski* had contact with Mr. Fluker while he was in custody at the United States Medical Center for Federal Prisoners at Springfield, Missouri in 1998.  In an Order dated March 6, 2001, Judge Daniel affirmed the Recommendation of Magistrate Judge Watanabe and dismissed the claims against these four defendants after concluding they lacked sufficient minimal contacts with this forum state to support a finding of personal jurisdiction.  As for the claim against Dr. Kowalski, who allegedly refused and then delayed Plaintiff's medical treatment while at ADX, Magistrate Judge Watanabe concluded that

> [a]t most, the plaintiff has alleged that defendant Kowalski and the medical staff at the ADX failed to diagnose and treat plaintiff's medical condition properly. . . . A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

Judge Daniel dismissed all of Mr. Fluker's claims in Civil Action No. 00-D-173 with prejudice.

*Id.* at Claim One, Request for Relief, ¶ 4."[2]

## ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed.R.Civ.P. 12(b)(6). *See also Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. 1985) ("a Rule 12(b)(6) motion is addressed to the face of the pleading"). The court must accept the well-pleaded allegations of the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). However, to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 556. A complaint must set forth sufficient facts to elevate a claim above the level of mere speculation. *Id.* Dismissal under Rule 12(b)(6) also will be upheld when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting all well pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff. *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 896-97 (10th Cir. 1997) (internal quotation marks and citations omitted).

While *pro se* pleadings should be "construed liberally and held to a less stringent

---

[2] Plaintiff's Second Claim for Relief does not reference Dr. Patel and, therefore, is not germane to the pending motion.

standard than formal proceedings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), that standard does not override a *pro se* plaintiff's responsibility to provide a simple and concise statement of his claims and the specific conduct that gives rise to each asserted claim. *See Willis v. MCI Telecomms.*, 3 F. Supp. 2d 673, 675 (E.D.N.C.). This court cannot be a *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d at 1110. Just as importantly, the court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not asserted. *Associated General Contractors of California., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In order to assert an Eighth Amendment claim[3] that Dr. Patel was deliberately indifferent to his medical needs, Mr. Fluker must demonstrate that (1) he suffered objectively serious medical needs and (2) Dr. Patel actually knew of but deliberately disregarded those needs. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997), citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). A medical need or condition is objectively serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity

---

[3] Plaintiff Fluker's alternative legal theories do not support a private cause of action against Defendant Patel. Title 18, United States Code, section 242 is a criminal statute that cannot be enforced through a civil lawsuit. *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("private citizens generally have no standing to institute criminal proceedings"). Similarly, 18 U.S.C. § 4042 and BOP regulations do not provide a private right of action. *See Thomas v. Bureau of Prisons*, 2007 WL 2788650, *11 (D. Colo. 2007); *Hoffenberg v. Federal Bureau of Prisons*, 2004 WL 2203479, *2 (D. Mass. 2004). Bureau of Prisons Program Statements are merely guidelines that do not create a federal cause of action or legally enforceable entitlements. *See Miller v. Henman*, 804 F.2d 421, 426 (7th Cir. 1986); *Hudson v. Hobart*, 2007 WL 5614094, *5 (W. D. Wis. 2007); *Callahan v. Patton*, 2007 WL 1662695, *5 (E. D. Ky. 2007). [Copies of these unpublished decisions are attached to this Recommendation].

for a doctor's attention." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).[4]

The subjective component of an Eighth Amendment claim follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). An inmate's complaint of inadequate medical care amounts to an Eighth Amendment claim if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference requires a higher degree of fault than negligence or even gross negligence. *Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1495-96 (10th Cir. 1990) (citation omitted). An official acts with deliberate indifference if his or her conduct "disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." *Id.* at 1496.

The Tenth Circuit has recognized that "(a) a medical professional failing to treat a serious medical condition properly; and (b) a prison official preventing an inmate from receiving medical treatment or denying access to medical personnel capable of evaluating the inmate's condition" may "constitute deliberate indifference in a prison medical case." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006), citing *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2002).

---

[4] Factors that may be indicative of a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain," as well as the "potential for harm if medical care is delayed or denied." *Gutierrez v. Peters*, 111 F.3d 1364, 1373, n. 8 (7th Cir. 1997) (internal quotation marks and citation omitted).

It is important to note, however, that not all claims of improper medical care rise to the level of a constitutional violation. An Eighth Amendment claim is not asserted "if a prisoner's complaint is directed at the wisdom or quality of the medical care he received in prison, even if that treatment is so negligent as to amount of medical malpractice." *Brinton v. Gaffney*, 554 F. Supp. 388, 389 (E.D. Pa. 1983). *See also Daniels v. Williams*, 474 U.S. 327, 333 (1986) ("injuries inflicted by governmental negligence are not addressed by the United States Constitution"); *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997) ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment") (internal quotation marks and citation omitted); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) (simple negligence or inadvertent failure to provide adequate medical care does not constitute the unnecessary and wanton infliction of pain); *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir.1990) (more than mere negligence required for constitutional deprivation in civil rights action). Moreover, a "prisoner's right is to medical care not to the type or scope of medical care which he personally desires." *Henderson v. Secretary of Corrections*, 518 F.2d 694, 695 (10th Cir. 1975) (internal quotation marks and citation omitted). The Constitution does not guarantee a prisoner the treatment of his choice. *Ledoux,* 961 F.2d at 1537 (citations omitted).

The Second Amended Complaint specifically alleges that on or about January 31, 2005, Mr. Fluker consulted with Dr. Patel by video satellite regarding his biceps injury. *See* Second Amended Complaint, at Nature of the Case, Claim One, ¶ 16. Mr. Fluker argues that Dr. Patel, who allegedly does not specialize in ruptured biceps tendon surgery, "had an option to refer Plaintiff Fluker for further evaluation by an orthopedic surgeon who specialize in treating

chronic bicep tendon rupture" but instead intentionally denied Plaintiff's request for further evaluation. *See* Plaintiff's Objection and Response, at 2-3. The Second Amended Complaint also asserts that Dr. Patel and others "continue to deny Plaintiff Fluker (sic) request to be schedule (sic) for examination by a license (sic) orthopedic surgeon who specialize in acute and chronic bicep tendon rupture surgery." *See* Second Amended Complaint, at Nature of the Case, Claim One, ¶ 29.

Plaintiff insists that the objective component of his Eighth Amendment claim is satisfied because Dr. Patel did not recommend surgery in January 2005 and Mr. Fluker's "chronic bicep tendon rupture continues to get worse." *See* Plaintiff's Objection and Response, at 4. Mr. Fluker reasons that Dr. Patel knew that his ruptured bicep tendon would get worse, thereby demonstrating that Defendant acted with deliberate indifference to his condition. *Id.* at 5.

Plaintiff Fluker has attached Dr. Patel's clinical notes to his Second Amended Complaint as "Exhibit Fifty Three (A)." After noting the patient's history and the results of a physical examination, Dr. Patel concluded that:

> Mr. Fluker appears to have had a biceps tendon rupture in the past. This has likely affected only one head of the biceps or one portion of the biceps as he continues to have pretty good supination strength as well as flexion strength in the left upper extremity. I do not feel that this is something that can be treated surgically as at this point the muscle has retracted nearly completely and there is no possibility of reconstructing it. Also there would be significant atrophy of that portion of the biceps muscle and thus, even if it were theoretically possible to repair the tendon, the muscle would not be functional. Therefore, I would not recommend surgery at this time. I would recommend that he continue to exercise both upper extremities as tolerated and I anticipate that he should have gradual resolution of any residual discomfort. Otherwise other sources of pain should be considered down the road if he does not have improvement in his comfort.[5]

---

[5]"In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by

10

Although Mr. Fluker claims that his condition has worsen since Dr. Patel's evaluation, the Second Amended Complaint does not allege that Defendant Patel had any further contact with Plaintiff Fluker after January 31, 2005, or that Dr. Patel was asked to conduct any follow-up examinations.

In short, Mr. Fluker alleges nothing more than his disagreement with Dr. Patel's January 2005 diagnosis and recommended course of treatment for his injured biceps tendon. This allegation is not sufficient to sustain a claim under the Eighth Amendment. *See Estelle*, 429 U.S. at 107 (whether a certain form of treatment should be prescribed "is a classic example of a matter for medical judgment"); *Perkins v. Kansas Dept. Corrections*, 165 F.3d 803, 811 (10th Cir. 1999) (disagreement with medical personnel "does not give rise to a claim for deliberate indifference to serious medical needs"); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) ("[a] difference of opinion does not support a claim of cruel and unusual punishment"); *Ramos*, 639 F.2d at 575 (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation). Measured against well-established precedents, Plaintiff's Second Amended Complaint fails to state an Eighth Amendment claim against Defendant Patel.

I do not question Mr. Fluker's commitment to this lawsuit or the zeal with which he has pursued his claims. However, Plaintiff's claim against Dr. Patel suffers from the same legal and factual shortcomings that proved fatal to Mr. Fluker's 2000 lawsuit against Dr. Kowalski. Mr. Fluker must accept that an Eighth Amendment claim for deliberate indifference requires more

---

reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal citations omitted).

than mere diagreement with a physician's evaluation or recommended course of treatment. However, that is all that Mr. Fluker has alleged in support of his claim against Defendant Patel. On that basis, Defendant Patel should be dismissed from this lawsuit.

I also conclude that Plaintiff's claim for injunctive relief against Defendant Patel must fail on grounds of unenforceability. Mr. Fluker's prayer for relief in Claim One seeks a judicial order requiring that he be scheduled for examination and surgery by a surgeon specializing in the treatment of acute and chronic biceps tendon ruptures.[6] As a private physician, Dr. Patel has no legal or functional control over Mr. Fluker, a prisoner in the custody of the Federal Bureau of Prisons. To impose an injunction on Dr. Patel would have no practical effect. *Cf. In re Estate of Ferdinand Marcos Human Rights Litigation*, 94 F.3d 539, 545 (9th Cir. 1996) ("The rule that a 'court of equity will not issue an unenforceable decree of injunction' comprehends [as a] reason[ ] for denying injunctive relief [ ] that the court . . . does not have the means to punish disobedience once discovered").

In conclusion and for the foregoing reasons, I RECOMMEND that Defendant Patel's Motion to Dismiss (doc. # 90) be GRANTED and that Defendant Patel be dismissed from this action with prejudice.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may

---

[6]Mr. Fluker's "Request for Relief" also asks for an "affidavit from Defendant Vikas V. Patel which will verify that he did not specialize in acute and chronic bicep tendon rupture surgery during the months of January 2005 and February 2005." While Plaintiff might have obtained such an admission under Fed. R. Civ. P. 36, Mr. Fluker has not cited any legal authority that would empower the district court to extract such a concession of Defendant Patel.

serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED this 16th day of February, 2010.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge